UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO UHURU,<br><br>                      Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                      Respondent. | Case No.: 3:21-cv-1058-CAB-JLB<br><br>**ORDER: (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, AND (2) DISMISSING AMENDED PETITION WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

On May 24, 2021, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis in the United States District Court for the Eastern District of California. (ECF Nos. 1 & 2.) On June 1, 2021, Petitioner filed a First Amended Petition and another request to proceed in forma pauperis. (ECF Nos. 5 & 6.) Although the First Amended Petition appears to be merely an exact copy of the original Petition, the court deems the Amended Petition to be the operative pleading. 28 U.S.C. § 2242 (stating habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); *see also* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or

21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."). The United States District Court for the Eastern District of California transferred the action to this Court on June 3, 2021. (ECF No. 8.)

## APPLICATIONS TO PROCEED IN FORMA PAUPERIS

According to Petitioner's trust account statement, Petitioner has no funds on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's applications to proceed in forma pauperis (ECF Nos. 2 & 6), and allows Petitioner to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the First Amended Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## FAILURE TO NAME A PROPER RESPONDENT

Review of the First Amended Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id*.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id*. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id*. (quoting Rules Governing § 2254, Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the

respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named "People of the State of California," as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's requests to proceed in forma pauperis (ECF Nos. 2 & 6) and **DISMISSES** this action without prejudice and with leave to amend because Petitioner has failed to state name a proper respondent. To have this case reopened, Petitioner must, **no later August 13, 2021**, file a Second Amended Petition that cures the pleading deficiencies set forth above. *A blank Second Amended Petition is included with this Order for Petitioner's convenience*.

**IT IS SO ORDERED.**

Dated: June 4, 2021

Hon. Cathy Ann Bencivengo
United States District Judge