UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO E. UHURU,<br><br>         Petitioner,<br>v.<br>ROBERT BURTON, Warden,<br><br>         Respondent. | Case No.: 21-cv-01058-CAB-JLB<br><br>**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF Nos. 16; 18]** |

Before the Court is Petitioner Kohen Diallo E. Uhuru's Motion for Appointment of Counsel (ECF No. 16) and supplemental memorandum of points and authorities in support of the motion ("supplemental P&A") (ECF No. 18). Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* on a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (ECF Nos. 11; 12.) For the reasons set forth below, Petitioner's Motion for Appointment of Counsel is **DENIED without prejudice**.

### I. LEGAL STANDARD

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions filed by state prisoners. *McCleskly v. Zant*, 499 U.S. 467, 495 (1991). Petitioners do not have an absolute right to counsel for habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Nevertheless, by statute, district courts have discretion to appoint counsel in habeas proceedings for "any person financially unable to obtain

adequate representation" when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) ("Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."). Whether or not to appoint counsel is a matter left to the court's discretion, unless an evidentiary hearing is necessary. *Knaubert*, 791 F.2d at 729–30.

A court may exercise its discretion and appoint counsel for an indigent petitioner only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

## II.   DISCUSSION

In his motion, Petitioner represents that he requires the assistance of counsel for three reasons: he is incarcerated, indigent, and has an "ongoing mental illness" that renders him "completely perplexed and discombobulated." (ECF No. 16 at 1.) These reasons, however, do not amount to exceptional circumstances warranting appointment of counsel. Petitioner's incarceration and inability to afford counsel are hardships that every incarcerated litigant proceeding *in forma pauperis* on a § 2254 petition faces. *See West v. Dizon*, No. 2:12–cv–1293 DAD P, 2014 WL 114659, at *4 (E.D. Cal. Jan. 9, 2014) ("Circumstances common to most prisoners . . . do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel."). Further, Petitioner's argument concerning his mental illness is unavailing at this time. Although Petitioner is currently housed at California Health Care Facility ("CHCF"), Petitioner's motion does not specify what mental illness he currently suffers from and provides very little about how his mental illness affects his ability to proceed *pro se*, stating only that his mental illness is

"ongoing" and leaves him "completely perplexed and discombobulated."  In his supplemental P&A, Petitioner briefly mentions that there is "pre-existing evidence" that he was "shot through the head," "beaten in the head with a baseball bat," and "sexually traumatized by Ku Klux Klan adults at age [five]" and that he has suffered from PTSD, substance abuse, alcoholism, and "post slavery trauma syndrome" due to his time in the military. (ECF No. 18 at 5).  However, Petitioner does not explain how any of these events or illnesses presently affect his ability to prosecute this case without counsel.

A review of the Amended Petition and the documents attached to it provides little additional insight into what mental illness(es) Petitioner currently suffers from and how his ability to proceed *pro se* is affected.  For example, the Amended Petition contains the same allegations that Petitioner was "shot through the head," "beat[en] in the head with a baseball bat," and "sexually traumatized at [five] years old by Ku Klux Klan adults" and additional allegations that Petitioner has experienced "suicidal ide[ation] with nervous breakdown from lack of mental health treatment and substance abuse treatment" and "deprogramming from being in religious cults." (ECF No. 12 at 8.)  In a Notice of Appeal After Guilty Plea dated May 29, 2000, Petitioner described his mental illness as a "history of voices, evils spirits, [and] working three jobs for twelve years under duress." (*Id.* at 62.) In an Application for Commutation of Sentence dated December 25, 2018, Petitioner stated that his mental illness was due to "negative stigma while enduring tremendous stress from a religious cult, working three jobs for [twenty-five] years, and failing to take psych[iatric] med[ications]." (*Id.* at 74.)  A letter dated June 5, 2020, from the Executive Director of CHCF provides that Petitioner wrote to her with a request to transfer to Napa State Hospital because he was not receiving "professional mental health treatment" at CHCF. (*Id.* at 89.) On July 1, 2020, Petitioner wrote to Napa State Hospital requesting a transfer and treatment for PTSD, OCD, bipolar-manic depression, paranoid schizophrenia, and "post slavery trauma syndrome." (*Id.* at 90.)

Although the Amended Petition and attached documents provide further indication that Petitioner may suffer from one or more mental illnesses, Petitioner has not provided

any objective evidence, such as medical records, that demonstrates a *current* inability to proceed without the help of counsel. *See West*, 2014 WL 114659, at *4 ("An incapacitating mental disability may be grounds for appointment of counsel in some cases, but a plaintiff making that argument must present substantial evidence of incompetence."); *e.g.*, *Meeks v. Nunez*, No. 13cv973-GPC(BGS), 2017 WL 476425, at *3 (S.D. Cal. Feb. 6, 2017) (denying appointment of counsel because the prisoner plaintiff merely alleged a mental disability without any evidence detailing its nature or effects). Moreover, even if Petitioner presently suffers from one or more mental illnesses, he has successfully litigated this case to date. After receiving the Court's first *sua sponte* screening order, Petitioner was able to understand the order and survive a second screening after amending his petition to include a proper respondent. (*See* ECF Nos. 11; 12.) Nothing in the record before the Court indicates that Petitioner cannot articulate his claims and prosecute the case without counsel.

Additionally, Petitioner makes no persuasive argument concerning his likelihood of success on the merits of his petition.[1] Petitioner's supplemental P&A[2] merely repeats arguments made in the Amended Petition, and a review of the limited[3] record supports the conclusion that the interests of justice do not at this time require appointment of counsel based on any likelihood of Petitioner's success.

### III. CONCLUSION

Petitioner has not shown that he is presently unable to litigate his claims *pro se*, nor that the Amended Petition is likely to succeed. Accordingly, the Court finds that

---

[1] Petitioner appears to raise the following grounds in his Amended Petition: (1) he is entitled to resentencing pursuant to California Penal Code § 1170.95; (2) his change of plea was coerced; and (3) his rights under *People v. Harvey* (1979) 25 Cal.3d 754 have been violated. (*See* ECF No. 12 at 5, 7.)

[2] The supplemental P&A also focuses on several allegations that appear to fall under 42 U.S.C. § 1983. (*See* ECF No. 18 at 5–7.) These claims, therefore, are not at issue in this 28 U.S.C. § 2254 action.

[3] Respondents have not yet filed a response to the Amended Petition, and as such, have not yet lodged any state court filings for the Court's review.

exceptional circumstances warranting appointment of counsel do not currently exist. Petitioner's Motion for Appointment of Counsel (ECF No. 16) is therefore **DENIED**. This denial, however, is without prejudice to Petitioner setting forth exceptional circumstances subsequently in this proceeding.

**IT IS SO ORDERED.**

Dated: August 19, 2021

Hon. Jill L. Burkhardt
United States Magistrate Judge